IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARCH SPECIALTY INSURANCE COMPANY,<br><br>                      Plaintiff,<br><br>v.<br><br>SEALMAX GLASS SYSTEMS, INC.<br>f/k/a SEALMAX, INC., and<br>V & V CONSTRUCTION CORP.,<br>                      Defendants. | Civil Action No:<br><br><br>**COMPLAINT** |

Plaintiff Arch Specialty Insurance Company, by way of Complaint against Defendant Sealmax Glass Systems, Inc. f/k/a Sealmax, Inc. and Defendant V & V Construction Corp., says:

**PARTIES AND JURISDICTIONAL ALLEGATIONS**

1. Plaintiff Arch Specialty Insurance Company ("Plaintiff") is an insurance company organized under the laws of the State of Nebraska with a principal place of business at 300 Plaza Three, Jersey City, New Jersey 07311. Plaintiff is authorized to transact business in the State of New York.

2. Defendant Sealmax Glass Systems, Inc. f/k/a Sealmax, Inc. ("Sealmax") is a corporation organized under the laws of the State of New York with a principal place of business at 1315B Broadway, Hewlett, New York 11557.

3. Defendant V & V Construction Corp. ("V & V") is a corporation organized under the laws of the State of New York with a principal place of business at 79-11 41st Avenue, Apartment A109, Elmhurst, New York 11373.

4. The amount in controversy between the parties is in excess of $75,000.

5.      Jurisdiction is based on diversity of citizenship under 28 U.S.C § 1332

## FACTUAL ALLEGATIONS

5.      Plaintiff issued policies of commercial general liability insurance to Sealmax as follows: (a) Policy No. GAP0021102-00 for effective dates of April 18, 2007 to April 18, 2008; (b) Policy No. GAP0021102-01 for effective dates of April 18, 2008 to April 18, 2009; and (c) Policy No. GAP0021102-02 for effective dates of April 18, 2009 to April 18, 2010. These policies of insurance are hereinafter collectively referred to as "the Policies."

6.      The Policies are contracts which provided insurance coverage for certain liabilities of Sealmax as set forth in the Policies.

7.      Pursuant to the terms of the Policies, Sealmax has certain deductible obligations to reimburse Plaintiff for amounts associated with claims submitted for coverage under the Policies.

8.      Plaintiff has fulfilled its contractual obligations and provided the insurance coverage afforded by the Policies, including coverage for liability created by the actions of V & V in its capacity as a subcontractor for Sealmax.

9.      Plaintiff sent supporting documentation to Sealmax for deductible obligations of $1,010,000 owed by Sealmax to Plaintiff pursuant to the terms of the Policies. The amount billed to Sealmax for its deductible obligations represents actual out-of-pocket expenditures made by Plaintiff on Sealmax and V & V's behalf.

10.     Sealmax has failed, refused, and continue to refuse to pay the $1,010,000 balance due and owing to Plaintiff, thereby resulting in damages to Plaintiff in this amount.

## COUNT ONE
### (Breach of Contract - Sealmax)

11. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff, on numerous occasions prior to filing the instant litigation, demanded payment of the $1,010,000 owed by Sealmax to Plaintiff.

13. Sealmax, however, has failed and refused to remit payment of the $1,010,000 owed to Plaintiff.

14. Sealmax has breached the insurance contracts between the parties by its failure to remit payment of its deductible obligations which it owes to Plaintiff.

15. As a direct result of Sealmax's breaches, Plaintiff has suffered damages in the amount of $1,010,000, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Sealmax in the amount of $1,010,000 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment - Sealmax)

16. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 10 as if fully set forth herein.

17. Plaintiff, at Sealmax's request, provided insurance coverage and related services to Sealmax.

18. Plaintiff has repeatedly demanded that Sealmax remit payment of amounts due and owing to Plaintiff for such insurance coverage and related services.

19. Sealmax has failed and refused to remit payment for the insurance coverage and related services. As a direct result of its ongoing failure and refusal, Sealmax has been unjustly enriched to Plaintiff's detriment.

20. Sealmax's unjust enrichment has caused Plaintiff to suffer damages in the amount of $1,010,000, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against $1,010,000 in the amount of $1,010,000 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

## COUNT THREE
### (Unjust Enrichment – V&V)

21. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 10 as if fully set forth herein.

22. Plaintiff has provided insurance coverage and related services to V & V for which Plaintiff has not been paid. V & V, therefore, has been unjustly enriched to Plaintiff's detriment.

23. V & V's unjust enrichment has caused Plaintiff to suffer damages in the amount of $1,010,000, plus interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff demands judgment against V & V in the amount of $1,010,000 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just an proper.

## COUNT FOUR
### (Account Stated - Sealmax)

24. Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. Sealmax, being indebted to Plaintiff upon accounts stated between them, and having acknowledged such debt, promised to pay Plaintiff upon demand.

26. Plaintiff has repeatedly demanded that Sealmax remit payment for the amounts owed by Sealmax to Plaintiff. Sealmax, however, has failed and refused to remit payment.

27. Sealmax's failure and refusal to pay the acknowledged balance due and owing to Plaintiff has caused Plaintiff to incur damages in the amount of $1,010,000 plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Sealmax in the amount of $1,010,000 as compensatory damages, together with interest, attorneys' fees, costs and expenses of suit, and such further relief as this Court deems just and proper.

Dated: New York, New York
       March 22, 2016

**BRESSLER, AMERY & ROSS, P.C.**
Attorneys for Plaintiff
Arch Specialty Insurance Company
17 State Street, 34th Floor
New York, New York  10004
Tel:  (212) 425-9300
Fax:  (212) 425-9337

Samuel J. Thomas, Esq.
sthomas@bressler.com